ALBERT HAYWOOD AND SPENCER L. BAILEY *v.*
JAMES V. H. JONES

*Usury — must be pleaded.*

MOTION by the defendant for a new trial on exceptions ordered to
be heard in the first instance at the General Term, after a verdict
in favor of the plaintiffs, directed by the court.

The action was by the indorsees against the maker of a promissory
note. The defense was that the note had never been delivered, and had
no legal inception. It appeared that the note had been wrongfully
taken from the maker's possession by one Lewis, who sold it to one
Lowry at a usurious discount. Subsequently the plaintiffs purchased
the note from Lowry. Upon the hearing at the General Term, it
was urged that the usury affecting the transfer of the note to Lewis
rendered it void. With reference to this the court at General Term
said: " It is said that the note was usurious. If the question had
been presented by the pleadings, so that it could have been litigated
at the trial, it may be that the transaction with Lowry would have
been adjudged usurious, as he advanced less than $1,000 for the note.
And, of course, the note, if usurious in its inception, would have
been void in the plaintiff's hands. But the defense of usury is not
available to the defendant, as against the plaintiffs in this action,
because it is not pleaded. It is a well-established rule of pleading,
founded on the plainest considerations of justice, that where a con-
tract or other cause of action, valid on its face, has been assigned,
the defendant should not be permitted to defeat the plaintiffs' claim,
on the ground that the contract was void in its inception, by reason
of fraud, illegality, or the like, without apprising him specifically
of the facts relied on to establish such defense. Especially does this
rule apply in respect to the defense of usury, the effect of which, if
sustained, is to set aside the entire contract, and to deprive the party
purchasing of even the money advanced. (*Fay* v. *Grimsteed*, 10
Barb., 321; *Gould* v. *Horner*, 12 id., 601; *Watson* v. *Bailey*, 2
Duer, 509; *Scott* v. *Johnson*, 5 Bosw., 213, 224; *Mechanics' Bank
of Williamsburgh* v. *Foster*, 44 Barb., 87.)

The printed case with which we are furnished does not show that

the question of usury was even suggested at the trial. The testimony respecting the amount advanced by Lowry for the note was called out by the defendant after he had rested his defense, and had resumed the case in order to reply to testimony introduced by the plaintiffs tending to show that they purchased in good faith.

The defendant's counsel cites the cases of *Hall* v. *Wilson* (16 Barb., 548) and *Sweet* v. *Chapman* (7 Hun, 576). In the latter the defense of usury was pleaded. In *Hall* v. *Wilson*, a promissory note, tortiously obtained, was sold by the wrong-doer to one Bigelow at a discount, and by him transferred to the plaintiff without consideration. The case is distinguishable from the one in hand by the very material circumstance that there the plaintiff, not having parted with value, stood in Bigelow's shoes, and was affected by whatever impeached his good faith. And on that ground the case was decided. (Op. of ALLEN, J., 555.) But upon the point that the defense of usury, to be availed of, must be pleaded, the case is in accord with the other authorities above cited."

*W. F. Warren*, for the plaintiffs. *Jenkins & Cameron*, for the defendant.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT, J., concurred.

New trial denied, and judgment for plaintiff ordered on verdict.